Mario GORNALL, D.B.A.
Mario's Garage,

v.

Mary BRAY et al.

No. 94–183–M.P.

Supreme Court of Rhode Island.

July 19, 1994.

Marty C. Marran, Pawtucket, for plaintiff.

Christopher Fay, City Sol., John T. Gannon, McCorry & Gannon, Pawtucket, for defendants.

OPINION

PER CURIAM.

This matter was heard on the motion calendar on June 21, 1994, pursuant to the petitioner's motion for an expedited hearing. This case came before the Supreme Court upon a petition for writ of certiorari to review the action of the City Council of Pawtucket.

On March 9, 1994, the city council had denied petitioner's applications for licenses to operate an auto-repair shop and a used-car dealership at 11 Willow Street, Pawtucket. The petitioner, Mario Gornall, is the commercial tenant at that location. The building and the land are owned by Antonio and Maria Andrade, who occupy abutting premises.[1] The building and the land are in an area designated as a "Manufacturing, Open" (MO) zone as defined by the Revised Ordinances of the City of Pawtucket §§ 31–12; 31–13 (1966).

"Intent of each zone:

" * * *

"(i) *Industrial MO:* To provide appropriate industrial districts throughout the city in those areas where such development prevails or which are particularly suited for such purposes." Sec. 31–13(i).

Uses permitted in an MO zone specifically include "Automobile repair garage" and "Sale or rental of automobiles, trucks, or motorcycles." Sec. 31–48(i)–(j).

---

1. The building was constructed with zoning board approval in 1990. It is a thirty-foot by seventy-foot, two-story masonry structure with four bays, each with an eighteen-foot steel garage door. It is on a parcel of land 150 feet along Willow Street by 190 feet behind the landowner's home and business, which is on Mineral Spring Avenue. Willow Street is an undedicated paved right-of-way approximately twenty-five feet wide, running in a southerly direction from Mineral Spring Avenue to where it comes to a dead end in front of the proposed businesses.

General Laws 1956 (1991 Reenactment) § 45–23.1–4 enables cities and towns to require by ordinance that buildings may be constructed only on "mapped streets." An exception may be allowed if sufficient provision exists for access by fire and other emergency vehicles. *Id.* The Andrades conveyed a right-of-way to the city suitable for fire and emergency vehicles over Willow Street and were granted the exception. A proximate landowner petitioned this court for certiorari review of the zoning board's decision to grant the exception. *See Lawrence v. Andrade,* No. 94–219–M.P. (R.I., filed July 15, 1994). The Andrades, joined by the city on behalf of the zoning board, opposed the petition. *Id.* The petition was denied on the grounds that the issue was not properly before this court. *Id.*

The petitioner testified before the city council about his prior experience in the automotive industry in Florida and his native Chile. He has no criminal record, and no complaints or violations of any kind have been issued against him with respect to the past operation of his automobile business. The petitioner presented a certificate of zoning compliance with his license application. He agreed to operate the proposed businesses in accordance with all federal, state, and local statutes, laws, regulations, and ordinances and with due consideration for the neighboring businesses and residents. According to these facts, petitioner fulfilled each of the four express conditions to licensing set forth in the Pawtucket Ordinances. See § 4.5–15.1.

At the city council meeting two opponents of petitioner's application spoke generally about the negative impact petitioner's businesses would have on traffic, air pollution, noise level, and the neighborhood children. A petition purportedly signed by seventy persons was presented in opposition.

The petitioner asserts that the discussion by the council members prior to their vote recounted objections voiced by constituents. The petitioner contends that council members acknowledged that petitioner was qualified but felt that the proposed businesses were inappropriate for the area. Although the minutes of the meeting lacked detail, petitioner alleges there was discussion of whether any auto-repair business, or any other business, could be licensed on a street that was not officially accepted. One councilor allegedly recalled that the city had rejected the property owners' application to accept Willow Street several years before. Another purportedly stated that the license applications should be rejected in order to "send a message" to the zoning board.

The petitioner has challenged the validity of the ordinances applicable to these licenses. Assuming without deciding that the ordinances are valid—the petitioner has complied with every requirement set forth therein. The council apparently acknowledged that he was qualified. The location of a proposed business on an accepted street is not required by the ordinance. The district in which the businesses would be located was appropriately zoned. Denying the licenses in this situation constituted arbitrary and capricious action on the part of the council.

For these reasons the petition for certiorari is granted, the order of the council denying the licenses is quashed, and the papers of the case are remanded to the city council with our opinion endorsed thereon.

LEDERBERG, J., did not participate.